IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL WITTENBERG and )
DEBBIE WITTENBERG, on behalf )
of their son, J.W., as well )
as on their own behalf, )
)
    Plaintiffs, )
)
    v. )       1:05CV00818
)
WINSTON-SALEM/FORSYTH COUNTY )
BOARD OF EDUCATION, a/k/a )
Winston-Salem/Forsyth County )
Schools, )
)
    Defendant. )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

    Plaintiffs Michael and Debbie Wittenberg filed this action on their own behalf and on behalf of their son, J.W., alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. This matter is before the court on three motions raised by the parties and one raised by the court.

**I.    BACKGROUND**

    Plaintiffs live in Forsyth County, North Carolina, the educational system of which is administered by Winston-Salem/Forsyth County Schools ("FCS") and Defendant Winston-Salem/Forsyth County Board of Education. In March 2003, Plaintiffs contacted FCS to arrange for specialized educational

services for their child, J.W., who is autistic.  While engaged in this process with FCS, Plaintiffs initiated for J.W. an Applied Behavioral Analysis program through an independent provider; this programming took place in Plaintiffs' home.

On May 8, 2003, FCS held a meeting to determine an appropriate plan for J.W.'s education.  The purpose of the meeting was to evaluate J.W. and to create an Individual Education Program for the 2003-2004 school year (the "2003 IEP").  Present at the evaluation were J.W., Debbie Wittenberg, and several representatives of FCS.  After the evaluation, FCS staff concluded that J.W. was properly characterized as "developmentally delayed."  Because J.W. was characterized as developmentally delayed rather than as "autistic," he was not eligible for FCS-funded home-based programming like that which he was already receiving, and the 2003 IEP did not contain that type of programming.

Plaintiffs challenged the 2003 IEP by filing a request for a due process hearing with the North Carolina Office of Administrative Hearings.  While that action was pending, the time came for FCS to develop for J.W. an IEP for the 2004-2005 school year (the "2004 IEP").  The 2004 IEP also did not contain home-based programming.  As a result, Plaintiffs filed a request for a due process hearing to challenge the 2004 IEP.  An Administrative Law Judge ("ALJ") was assigned to both cases.  The ALJ stayed the proceedings on the 2004 IEP while the case dealing with the 2003 IEP advanced.  Nonetheless, during the hearing on the 2003 IEP,

2

he admitted some evidence regarding the 2004 IEP because it was relevant to the validity of the 2003 IEP.  The ALJ ultimately concluded that the 2003 IEP violated the IDEA and that FCS was required to reimburse Plaintiffs for the cost of providing the home-based programming.

Defendant appealed the decision within the North Carolina Office of Administrative Hearings to a State Review Officer.  The State Review Officer overruled the ALJ's decision and concluded that the 2003 IEP was valid.  At the same time, he considered the evidence relating to the 2004 IEP and ruled that it was valid as well, despite the fact that no hearing had been held and no decision had been reached on the matter by the ALJ.

**II. ANALYSIS**

Before the court are three motions made by the parties. Defendant has filed a motion to dismiss the portions of the complaint dealing with the Rehabilitation Act.  In response, Plaintiffs have filed a motion to amend their complaint in order to voluntarily remove the Rehabilitation Act claim.  Plaintiffs have also filed a motion asking the court to vacate the State Review Officer's decision regarding the 2004 IEP.  In addition to these motions, the court will, of its own volition, raise the issue of whether it has subject matter jurisdiction over the 2004 IEP claim.  Because the first two motions are closely tied, the court will consider them together.  It will then consider the other issues in turn.

    A.   Motions to Amend and Dismiss

Plaintiffs seek to amend their complaint to withdraw their allegations that Defendant has violated the Rehabilitation Act.[1] Under Federal Rule of Civil Procedure 15(a), once an answer has been filed, a plaintiff may amend a complaint "only by leave of court or by written consent of the adverse party."  Granting leave to amend is a matter within the court's discretion.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  A court should freely give leave unless facts show, for example, "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Id., 83 S. Ct. at 230.

The only criterion at issue in this case is whether allowing the amendment would cause undue prejudice to Defendant. Defendant argues that Plaintiffs' efforts to amend their complaint have prevented the litigation from moving forward on substantive issues.  Additionally, the Rehabilitation Act claim removed by the amendment is the subject of Defendant's motion to dismiss, and Defendant would prefer to have the claim dismissed rather than withdrawn by Plaintiff.  The court concludes that, though legitimate, neither of these issues rises to the level of being unduly prejudicial to Defendant.  Accordingly, the amendment will be allowed.

---

[1] Plaintiffs also seek to make clerical changes to materials they submitted with their complaint.  These changes are unopposed and will not be discussed further.

4

As a part of their motion, Plaintiffs request that they be allowed to withdraw their Rehabilitation Act claims "without prejudice." This will be the case to the extent that, by amending the complaint, Plaintiffs avoid a ruling on Defendant's motion to dismiss. Nonetheless, the court does not guarantee that, should Plaintiffs decide that it is in their interest to proceed on the Rehabilitation Act claim, they will be able to amend their complaint again. Plaintiffs are free to make another motion to amend, and Defendant will have an opportunity to oppose the amendment, should it choose to do so. The court will determine at that time whether the proposed amendment satisfies the criteria stated above.

Because Defendant's motion to dismiss was directed at Plaintiffs' Rehabilitation Act claims, the amendment to the complaint renders that motion moot. Thus, Defendant's motion will be denied. Defendant remains free to file a new motion to dismiss directed at the amended complaint, should it wish to do so.

B. Motion to Vacate

Plaintiffs have filed a motion they have titled "Motion to Vacate and Remand Portion of State Review Decision Addressing the May 3, 2004 IEP." In this motion, Plaintiffs complain that, by issuing a decision on the 2004 IEP before that matter had been the subject of a hearing, the State Review Officer acted improperly. Plaintiffs now ask the court to vacate the State

5

Review Officer's decision on the 2004 IEP and to remand the matter to the ALJ for a hearing.

In support of their motion, Plaintiffs argue that their administrative remedies have not been exhausted. The IDEA provides the right to bring a civil action to "[a]ny party aggrieved by the findings and decision" resulting from a due process hearing. 20 U.S.C. § 1415(i)(2)(A). This provision functions as an exhaustion requirement, and failure to comply divests the court of subject matter jurisdiction over a claim made under that provision.[2] See MM ex. rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002).

This requirement does not provide a basis for Plaintiffs' requested remedy. Exhaustion is a matter of federal jurisdiction. It does not provide a framework in which the court may evaluate the procedures employed by a state administrative agency. Plaintiffs have provided no authority suggesting that the jurisdiction of the State Review Officer is conditioned on exhaustion, nor do they advance such an argument. Thus, the doctrine may not serve as a basis for the court to vacate the State Review Officer's decision, and that motion will be denied.

C. Federal Jurisdiction

---

[2] This rule is subject to three exceptions: "(1) when the administrative process would have been futile; (2) when a school board failed to give parents proper notification of their administrative rights; or (3) when administrative exhaustion would have worked severe harm upon a disabled child." MM ex. rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002). None of these is at issue here at this time.

Although the doctrine of exhaustion may not serve as a basis to grant Plaintiffs' motion, it may strip the court of subject matter jurisdiction over the challenge to the 2004 IEP. A court may not reach the merits of a case if it does not have subject matter jurisdiction. <u>Constantine v. Rectors & Visitors of George Mason Univ.</u>, 411 F.3d 474, 480 (4th Cir. 2005). "A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." <u>Id.</u> (internal quotation marks omitted).

This case presents a close call on the exhaustion issue. Weighing in favor is the fact that the State Review Officer clearly ruled on the 2004 IEP in his opinion on the 2003 IEP hearing. This ruling suggests that the position of the Office of Administrative Hearings is that Plaintiffs' claim on the 2004 IEP has failed. Weighing against is the fact that the administrative case dealing with the 2004 IEP is still pending before the ALJ. The ALJ has stayed the case but has not closed it, despite knowing of the State Review Officer's ruling. There has been no opportunity to learn whether the ALJ would be willing to hold a hearing in which additional evidence was presented if he was asked to do so by Plaintiffs. It is not clear to the court whether the State Review Officer intended to preclude such a hearing, or whether he would consider new evidence if that case were appealed. It is certainly within the power of the Office of

Administrative Hearings to resolve the uncertainty and issue a formal ruling.

On balance, it appears to the court that there is still a possibility that the case will proceed before the ALJ. Until Plaintiffs have a formal ruling on that matter, they have not been "aggrieved by the findings and decision" in a due process hearing as required by § 1415(i)(2)(A). Furthermore, it is more appropriate for the Office of Administrative Hearings to make a ruling on the significance of the State Review Officer's decision than for the court to attempt to forecast how the office might respond. For these reasons, the court concludes that it does not have subject matter jurisdiction over Plaintiffs' challenge to the 2004 IEP, and that claim will be dismissed.

### III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' Second Motion to Amend [22] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [12] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Vacate and Remand Portion of State Review Decision Addressing the May 3, 2004 IEP [7] is DENIED.

IT IS FURTHER ORDERED that the portion of Plaintiffs' claim relating to the validity of the 2004 IEP is dismissed.

This the 11th day of July 2006.

_____
United States District Judge