IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL WITTENBERG and )
DEBBIE WITTENBERG, on behalf )
of their son, J.W., as well )
as on their own behalf, )
)
    Plaintiffs, )
)
    v. )      1:05CV00818
)
WINSTON-SALEM/FORSYTH COUNTY )
BOARD OF EDUCATION, a/k/a )
Winston-Salem/Forsyth County )
Schools, )
)
    Defendant. )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

    Plaintiffs Michael and Debbie Wittenberg filed this action on their own behalf and on behalf of their son, J.W., against Defendant Winston-Salem/Forsyth County Board of Education, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. This matter is before the court on Defendant's motion to reconsider and withdraw the portion of this court's Memorandum Opinion and Order of July 11, 2006, which dismissed a part of Plaintiffs' claim for lack of subject matter jurisdiction. For the reasons stated below, the court will grant Defendant's motion.

**I. FACTUAL BACKGROUND**

A detailed statement of the facts in this case is set forth in this court's Memorandum Opinion and Order of July 11, 2006 (the "July 11 Opinion"). The following facts are relevant to this motion. Plaintiffs live in Forsyth County, North Carolina, the educational system of which is administered by Winston-Salem/Forsyth County Schools ("FCS") and Defendant. In 2003, J.W. began receiving specialized education services from FCS, facilitated by the use of an Individualized Education Program ("IEP"). After evaluating J.W., FCS created an initial IEP for J.W. in 2003 (the "2003 IEP"). Because FCS characterized J.W. as "developmentally delayed" rather than "autistic," the 2003 IEP did not provide for home-based programming like that which J.W. had been receiving privately.

Plaintiffs challenged the validity of the 2003 IEP by filing a request for a due process hearing with the North Carolina Office of Administrative Hearings ("OAH"). While the action was pending, FCS developed an IEP for J.W. for the 2004-05 school year (the "2004 IEP"), which also did not contain home-based programming. Plaintiffs then challenged the 2004 IEP through another due process hearing. An Administrative Law Judge ("ALJ") was assigned to both cases, and the ALJ stayed the proceeding on the 2004 IEP while the case involving the 2003 IEP progressed. During the 2003 IEP proceeding, the ALJ admitted some evidence regarding the 2004 IEP that was relevant to the validity of the 2003 IEP. While the ALJ concluded that the 2003 IEP violated

2

IDEA, the State Review Officer ("SRO") overruled the ALJ's decision on appeal and concluded that the 2003 IEP was valid. In addition, the SRO considered the admitted evidence relating to the 2004 IEP and ruled that the 2004 IEP was also valid, even though the ALJ had not heard or ruled on the matter. Despite the SRO's ruling, the 2004 IEP challenge remained stayed before the ALJ pending a determination by this court.

Once Plaintiffs appealed the proceedings to this court, they moved the court to vacate the portion of the SRO's decision relating to the 2004 IEP. In the July 11 Opinion, this court denied Plaintiffs' motion to vacate and, of its own volition, dismissed Plaintiffs' challenge to the 2004 IEP for lack of subject matter jurisdiction. The court noted that "the administrative case dealing with the 2004 IEP is still pending before the ALJ" and "[u]ntil Plaintiffs have a formal ruling on that matter, they have not been 'aggrieved by the findings and decision' in a due process hearing as required by [IDEA]" to bring a civil action in district court. (Mem. Op. and Order of July 11, 2006, at 7-8.)

## II. STANDARD OF REVIEW

The court's dismissal of Plaintiffs' challenge to the 2004 IEP for lack of subject matter jurisdiction was a final order dismissing that part of Plaintiffs' claim. Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for relief from a final judgment or order via a motion filed within a reasonable time. Fed. R. Civ. P. 60(b). Disposing of motions

3

filed under Rule 60(b) is generally left to the discretion of the district court. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984) (citations omitted). For Rule 60(b) to apply, however, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Id. at 206-07 (citation omitted). Once the moving party satisfies these criteria, that party must fit within one or more of several circumstances in which Rule 60(b) vests the court with authority to grant relief from a final judgment, including

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); Werner, 731 F.2d at 207.

**III. ANALYSIS**

Approximately one and one half months after the court entered the July 11 Opinion, Defendant filed a motion to have the court reconsider its dismissal of Plaintiffs' challenge to the 2004 IEP for lack of subject matter jurisdiction. Because Defendant's motion was filed more than 10 days after the filing of the July 11 Opinion, but still within a reasonable time, the motion was properly filed under Rule 60(b).

Defendant correctly notes that once Plaintiffs' Motion to

4

Vacate and Remand had been briefed and was awaiting this court's ruling, the OAH dismissed the stayed 2004 IEP proceeding. Suggesting that it was not prudent to let the case be heard in the OAH before this court ruled on the motion to vacate and remand the challenge, the ALJ ordered that the cause be "dismissed without prejudice, subject to being revived by an order remanding [it] from the U.S. District Court back to the OAH."  (Br. Supp. Def.'s Mot. Recons. Ex. A at 4-5.)

When this court denied Plaintiffs' Motion to Vacate and Remand and dismissed the 2004 IEP proceedings for lack of subject matter jurisdiction, it was unaware that the ALJ had recently dismissed the 2004 IEP action.  This is clear from the fact that, in dismissing the challenge, this court stated that the case was still pending before the OAH and Plaintiffs had "not been 'aggrieved by the findings and decision' in a due process hearing as required by [IDEA]."  (Mem. Op. and Order of July 11, 2006, at 7-8 (quoting 20 U.S.C. § 1415(i)(2)(A)).)  Therefore, when this court examined the parties' briefs, which were submitted before the ALJ's dismissal, and then issued its opinion and order, the court was lacking substantially material information needed to render an informed decision.

The court finds that Defendant filed a timely motion to reconsider, Defendant raises a meritorious issue because the court should have considered the OAH's dismissal in making its decision, and the situation presents exceptional circumstances due to the OAH's ruling falling between the briefing period and

5

this court's ruling.  In addition, if the court reconsiders its ruling, it will not cause unfair prejudice to Plaintiffs because the parties were originally waiting for the court to hear the 2004 IEP proceeding.  Having made those threshold findings, the court also finds that the discovery of material information made only after the court's ruling would fall within the scope of the enumerated items in Rule 60(b).  It is not clear to the court whether the parties could have informed the court of the ALJ's dismissal before the court dismissed the challenge.  However, because the court was not aware of a material fact that it should have known in rendering a decision, it is proper for the court to reconsider the portion of the July 11 Opinion dismissing Plaintiffs' challenge to the 2004 IEP for lack of subject matter jurisdiction.

At the time of its initial ruling, had the court known that the ALJ had dismissed the 2004 IEP proceeding, the court would have considered Plaintiffs' administrative remedies to be exhausted and, therefore, the court would not have dismissed that part of Plaintiffs' challenge.  Therefore, in reconsidering its order, this court will withdraw both the portion of the July 11 Opinion discussing the dismissal of Plaintiffs' 2004 IEP challenge for lack of subject matter jurisdiction and the order entered contemporaneously therewith dismissing that part of Plaintiffs' claim.

**IV. CONCLUSION**

For the reasons stated above,

6

IT IS ORDERED that Plaintiffs' Motion to Reconsider [32] is GRANTED.

IT IS FURTHER ORDERED that Section II. C. of this court's memorandum opinion and its order of July 11, 2006, dismissing the portion of Plaintiffs' claim relating to the validity of the 2004 IEP for lack of subject matter jurisdiction are hereby withdrawn.

This the 9th day of January 2007.

                                                  United States District Judge