IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MICHAEL WITTENBERG and          )
DEBBIE WITTENBERG, on behalf    )
of their son, J.W., as well     )
as on their own behalf,         )
                                )
      Plaintiffs,               )
                                )
      v.                        )    1:05CV00818
                                )
WINSTON-SALEM/FORSYTH COUNTY    )
BOARD OF EDUCATION, a/k/a       )
Winston-Salem/Forsyth County    )
Schools,                        )
                                )
      Defendant.                )
```

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Plaintiffs Michael and Debbie Wittenberg filed this action on behalf of themselves and of their son, J.W., against Defendant Winston-Salem/Forsyth County Board of Education, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. This matter is before the court on Plaintiffs' motion to bifurcate pursuant to Federal Rule of Civil Procedure 42(b). For the reasons stated below, the court will deny Plaintiffs' motion.

I. **BACKGROUND AND PROCEDURAL HISTORY**

A detailed statement of the facts is set forth in this court's opinions and orders of July 11, 2006, and January 9,

2007. The following additional facts are relevant to this motion.

By way of review, this case involves Plaintiffs' challenges to the 2003 and 2004 Individualized Education Programs ("IEP") developed for J.W. by Winston-Salem/Forsyth County Schools. An administrative law judge ("ALJ") was assigned to both the 2003 and 2004 IEP challenges, but the ALJ stayed the proceedings on the 2004 IEP while the 2003 IEP proceeding progressed. The parties completed a full hearing on the 2003 IEP claim, during which a substantial amount of evidence relating to the 2004 IEP was admitted. The ALJ ruled on the 2003 IEP, and the state review officer ("SRO") reversed that decision. The SRO also considered the admitted evidence relating to the 2004 IEP and ruled on its validity despite the absence of a hearing or ruling by the ALJ on the 2004 IEP challenge. Nevertheless, the 2004 claim remained stayed before the ALJ. When the case reached this court on review, Plaintiffs moved to vacate and remand the SRO's ruling on the 2004 IEP to the North Carolina Office of Administrative Hearings ("OAH"). Meanwhile, the OAH had dismissed the stayed 2004 IEP proceeding subject to an order of the court that remanded the matter to the OAH for a hearing. This court eventually denied Plaintiffs' motion to vacate and remand the 2004 IEP proceeding and thereby assumed jurisdiction over the challenge.

Plaintiffs have since filed a motion to bifurcate the two IEP claims, requesting this court to dispose of the 2003 IEP claim by reviewing the administrative record and to dispose of the 2004 IEP claim after further discovery and a full evidentiary hearing. Defendant opposes the motion.

**II. ANALYSIS**

Federal Rule of Civil Procedure 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue or of any number of claims . . . or issues . . . ." Fed. R. Civ. P. 42(b). However, bifurcation "is not the usual course of events. Nothing else appearing, a single trial will be more expedient and efficient." F & G Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999) (internal citation omitted). As such, the party moving for bifurcation has the burden to convince the court that doing so "will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." Id.

Plaintiffs argue that the lack of a full evidentiary hearing of the 2004 IEP claim necessitates extensive discovery, motions, and a trial to dispose of the claim. Plaintiffs contend that many months could elapse before the 2004 claim is ripe for

3

disposition, while the 2003 claim will require merely the court's ruling once the parties file motions for judgment on the record. Therefore, Plaintiffs request that the court bifurcate the two IEP claims to more efficiently dispose of those claims. If the court chooses this route, Plaintiffs note that once the court undertakes review of the 2004 claim, the court will have the added benefit of having previously addressed the similar facts and issues in the 2003 claim. Therefore, Plaintiffs maintain that it will be more expeditious to bifurcate the two claims.[1]

On the other hand, Defendant contends that instead of expediting the process, bifurcation would unnecessarily prolong the disposition of the two claims. Defendant maintains that neither extensive discovery nor an evidentiary hearing relating to the 2004 IEP is necessary because a substantial amount of evidence relating to the 2004 IEP, including the IEP itself and a transcript of the corresponding IEP meeting, is included in the record from the 2003 IEP proceeding. Thus, Defendant argues that bifurcation would result in the duplication of evidence already in the record, the acquisition of which the court has indicated is not necessary by its decision not to remand the 2004 IEP claim

---

[1] In their reply brief, Plaintiffs also cite Federal Rule of Civil Procedure 21, which allows the court to sever any claim and proceed with it separately. The same reasoning the court applies to the motion to bifurcate pursuant to Rule 42(b) is likewise applicable to the determination whether to sever the two claims.

4

for further proceedings.[2]  Defendant also argues that bifurcation is inappropriate because where the legal and factual issues are so similar, as even Plaintiffs admit they are for these two claims, the benefits of bifurcation are minimal.

The court finds that bifurcating the two claims is improvident for several reasons.  First, the court agrees with Defendant that concerns of expedition and economy advise against bifurcation.  Although Plaintiffs insist that extensive discovery, motions, and a trial will be necessary to dispose of the 2004 IEP claim, the court finds that this is not the case.  Since briefing was completed on the motion to bifurcate, Magistrate Judge Sharp has denied Plaintiffs' request for extensive discovery and has permitted the parties only "to further discuss the possibility of supplementing the administrative record with expert reports that address the existing record evidence related to [the 2004] IEP."  (Initial Pretrial Conference Mem. and Order, April 5, 2007.)  The parties then filed a joint statement regarding the filing of expert reports which expressed the parties' disagreements on the issue.  Magistrate Judge Sharp has yet to set guidelines for the filing

---

[2]  The court's denial of the motion to remand also addresses Plaintiffs' argument that Defendant's position overlooks the fact that the two claims were originally separate and that it was the SRO who erroneously combined them.  If the court had found that the SRO erroneously combined the two claims, it would have remanded the matter.  The court will not now bifurcate the claims simply because they were initially separate claims.

5

of additional expert reports, but he has set a firm schedule for filing those reports, dispositive motions, and accompanying briefs which will commence immediately after the court resolves the disagreements regarding the expert reports. Therefore, at most, the only additional discovery regarding the 2004 IEP claim will be a few expert reports, and then the case will proceed to the dispositive motion stage where the 2003 claim now stands. As such, no significant delay will be occasioned on either claim by disposing of the two matters together, and therefore, separating them would not serve to promote judicial efficiency and economy.

The factual and legal issues in the two claims are nearly identical. The court finds that it would be more efficient to address the similar issues in one proceeding rather than to create unnecessary duplication with two proceedings. Therefore, the court finds no reason to bifurcate the two IEP claims and finds that judicial expedition and economy as well as convenience to the parties will be best advanced by disposing of the two similar claims in one proceeding.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Bifurcate [45] is DENIED.

This the 4th day of September 2007.

　　　　　　　　　　　　　　　　　／s／ William L. Osteen
　　　　　　　　　　　　　　　　　United States District Judge