IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL WITTENBERG and )
DEBBIE WITTENBERG, on behalf )
of their son, J.W., as well )
as on their own behalf, )
)
    Plaintiffs, )
)
    v. ) 1:05CV00818
)
WINSTON-SALEM/FORSYTH COUNTY )
BOARD OF EDUCATION, a/k/a )
Winston-Salem/Forsyth County )
Schools, )
)
    Defendant. )

O R D E R

It appearing to the court that Plaintiffs and Defendant filed a Joint Statement Regarding Additional Expert Reports related to the May 3, 2004, IEP on April 23, 2007, and subsequent clarifying memoranda on April 25, 2007, and April 27, 2007, respectively. Plaintiffs and Defendant also filed a Joint Motion to Clarify Briefing Schedule on June 7, 2007. This court's order of June 18, 2007, established a briefing schedule to govern the filing of additional or supplemental evidence, should the court permit limited discovery. The order of June 18, 2007, however, did not address whether additional or supplemental discovery would be permitted.

It further appearing that Plaintiffs filed a motion to vacate and remand on November 10, 2005, that Defendant filed a response on November 30, 2005, and that Plaintiffs' reply was filed on December 12, 2005. Plaintiffs argued that (1) their state administrative remedies had not been exhausted (Pls.' Mot. Vacate and Remand at 3), (2) "the record clearly establishes [that Plaintiffs were] not afforded administrative due process prior to coming to this Court," and (3) the State Review Officer's decision regarding the May 3, 2004, IEP "violated their right to due process of law." (Pls.' Reply Supp. Mot. Vacate and Remand at 1-3.)

This court, by order entered July 11, 2006, denied Plaintiffs' motion to vacate and remand the claim regarding the May 3, 2004, IEP. Wittenberg v. Winston-Salem/Forsyth County Bd. of Educ. ("Wittenberg-July 2006 Order"), 2006 U.S. Dist. LEXIS 47521 at *8-10 (M.D.N.C 2006), amended by Wittenberg v. Winston-Salem/Forsyth County Bd. of Educ. ("Wittenberg-January 2007 Order"), 2007 U.S. Dist. LEXIS 2554 (M.D.N.C. 2007). In the July 2006, order, the court found Plaintiffs' exhaustion arguments to be unpersuasive, holding that exhaustion is not a doctrine that may "serve as a basis for the court to vacate the State Review Officer's decision." Wittenberg-July 2006 Order, 2006 U.S. Dist. LEXIS 47521 at *8. By the same order, however,

2

Case 1:05-cv-00818-WO-PTS   Document 71   Filed 11/13/07   Page 2 of 5

the court on its own motion dismissed the May 3, 2004, IEP claim on exhaustion grounds under the court's subject matter jurisdiction analysis. Id. at *10. The court first noted that "[t]his case presents a close call on the exhaustion issue," before holding that "[u]ntil Plaintiffs have a formal ruling on [the May 3, 2004, IEP before the ALJ], they have not been 'aggrieved by the findings and decision' in a due process hearing as required by § 1415(i)(2)(A)." Id.[1] The court did not address Plaintiffs' due process argument in either the July 11, 2006, decision, Wittenberg-July 2006 Order, 2006 U.S. Dist. LEXIS 47521 at *8-10, or the January 2007, order. Wittenberg-January 2007 Order, 2007 U.S. Dist. LEXIS 2554.[2]

It appearing to the court that Plaintiffs, by motion, raised the critical question of whether the State Review Officer's decision regarding the May 3, 2004, IEP effectively denied Plaintiffs of due process.

---

[1] By memorandum opinion and order of January 9, 2007, this court withdrew the portion of the July 2006, order that dismissed the May 3, 2004, IEP claim for lack of subject matter jurisdiction. Wittenberg-January 2007 Order, 2007 U.S. Dist. LEXIS 2554 at *8-9. The court stated that had it "known that the ALJ had dismissed the 2004 IEP proceeding, the court would have considered Plaintiffs' administrative remedies to be exhausted and, therefore, the court would not have dismissed that part of Plaintiffs' challenge." Id.

[2] The court stated in Wittenberg v. Winston-Salem/Forsyth County Board of Education ("Wittenberg-September 2007 Order"), 2007 U.S. Dist. LEXIS 65257 at *5-6 n.2 (M.D.N.C. 2007), that in denying Plaintiffs' motion to remand, the court had found that the State Review Officer's combination of the two claims was not erroneous. Id. However, a review of the July 2006, order addressing Plaintiffs' motion to vacate and remand appears to confirm that the court did not hold that the two claims were properly combined. Wittenberg-July 2006 Order, 2006 U.S. Dist. LEXIS 47521 at *8-10.

It further appearing that the court did not rule on the due process question and that this question is closely related to the resolution of the pending discovery dispute. Thus, a review of the pending discovery motion requires that the court directly consider whether the State Review Officer's ruling regarding the May 3, 2004, IEP violated Plaintiffs' right to a due process hearing. As argument will significantly aid the court in resolution of these issues,

IT IS THEREFORE ORDERED that the parties shall file briefs addressing the court's concerns, specifically addressing the following:

(1) Whether the State Review Officer's decision denied Plaintiffs of due process regarding the May 3, 2004, IEP.

(2) If the court answers the foregoing question in the affirmative, whether remand to the Administrative Law Judge is the appropriate remedy or whether any due process defects may be cured by discovery in the district court.

Each party is directed to file one brief, not more than 10 pages in length, on or before Wednesday, November 21, 2007, and counsel for Plaintiffs and Defendant are directed to appear for hearing on all motions set forth in this order on December 4,

4

2007, at 9:30 a.m., Courtroom No. 3, Federal Building, 324 West Market Street, Greensboro, North Carolina.

IT IS FURTHER ORDERED that the Notice of Hearing setting this case for bench trial during the April 2008 term is stricken.

This 13th day of November 2007.

/s/ William L. Osteen, Jr.
United States District Judge
