IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL WITTENBERG AND )
DEBBIE WITTENBERG on behalf of )
their son, J.W., as well as on their own )
behalf, )
 )
    Plaintiffs, )
 )
v. )  Civil Action No. 1:05cv00818
 )
WINSTON-SALEM/FORSYTH )
COUNTY BOARD OF EDUCATION, )
a/k/a WINSTON-SALEM/FORSYTH )
COUNTY SCHOOLS, )
 )
    Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on the parties' Joint Motion to Seal ("Joint Motion"). The Joint Motion is related to the parties' attempts to reach a mutually agreeable resolution to this matter prior to expending the resources necessary to address the Plaintiffs' appeal of this Court's November 18, 2008 Memorandum Opinion and Order. The parties conducted a mediation in this matter on March 6, 2009, pursuant to an Order from the Fourth Circuit Court of Appeals. The parties reached a tentative agreement to resolve this matter, contingent on the settlement agreement being placed under seal. The parties requested this Court enter the necessary order to place the settlement agreement under seal. After reviewing the motion and hearing from the parties, the Court is inclined to grant the Joint Motion.

Prior to addressing the merits of the Joint Motion, the Court feels it appropriate to discuss why it has subject matter jurisdiction to enter this Memorandum Opinion when the matter is currently on appeal. The Court recognizes that "[t]he general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. In re Grand Jury Proceedings, 947 F.2d 1188, 1190 (4th Cir. 1991). However, this rule is not without its exceptions. "One exception to the rule is that a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." Id.

In Fobian v. Storage Technology Corporation, 164 F.3d 887 (4th Cir. 1999), the Court of Appeals discussed the manner in which a district court should address a motion "in aid of the appeal." A district court asked to address a motion in aid of an appeal "has jurisdiction to entertain the motion, and should do so promptly. Id. at 891. "If the district court is inclined to grant the motion, it should issue a short memorandum so stating." Id. After the district court issues its memorandum, the parties may seek a limited remand from the Court of Appeals so that the district court can grant the requested relief. Id. at 892.

The parties informed the court that they have reached a tentative settlement agreement during the Fourth Circuit's mandatory mediation process. The agreement is contingent upon the terms of the agreement being deemed confidential. However, the parties are confronted with state and federal laws requiring the confidentiality of matters involving the provisions of services to a child with disabilities, and North Carolina's

2

public records law which precludes entities such as the defendant from entering into a confidential settlement agreement, absent a court order.

Simply stated, unless this Court determines that it is appropriate to place the settlement agreement under seal, the parties' efforts to resolve this matter will be for naught. Without a settlement agreement in place, the parties and the Court of Appeals will be unnecessarily required to expend significant resources pursuing the appeal. This Court is of the opinion that resolving the appeal at this early stage promotes the interests of the parties, conserves scarce judicial resources, and, therefore, constitutes action in aid of the appeal.

In the alternative, the Court believes that entering this order is permissible pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The Court is of the opinion that protecting the rights of the minor child guaranteed by state and federal law justifies granting the relief sought by the parties in the Joint Motion.

The Court, having review the Joint Motion, finds as follows:

1. The relief requested by the parties in the Joint Motion will aid the appeal of this matter by bringing the appeal to a timely and efficient conclusion. Therefore, pursuant to the Fourth Circuit's holdings in In re Grand Jury Proceedings and Fobian, this Court has subject matter jurisdiction to address the Joint Motion.

2. In the alternative, the Court is of the opinion that protecting the rights of the minor child guaranteed by state and federal law justifies granting the relief sought by the parties in the Joint Motion.

3. This matter involves a dispute regarding the provision of services to a child who has been identified under state and federal law as a student with disabilities;

4. The settlement agreement reflects the full legal names of the student's parents, making it possible to identify the student;

5. Pursuant to North Carolina General Statutes Section 115C-109.3, a local education agency, such as the Defendant, is prohibited from releasing any records, data or information on any child with special needs without the prior written consent of the parents except under the narrow circumstances identified by state and federal law. Public release of the settlement agreement between the parties in this case without parental consent would be in violation of North Carolina General Statutes Section 115C-109.3;

6. Pursuant to the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g), and the Individual with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq., an educational institution, such as the Defendant, receiving federal funds is prohibited from releasing records, including any record directly related to a student, without the consent of the parents except under the narrow circumstances identified by the statute. Public release of the settlement agreement between the parties in this case without parental consent would be in violation of both federal laws cited;

7. The Wittenbergs do not consent to the release of the settlement agreement in this action;

8. Absent a court order, the North Carolina Public Records law requires that settlement agreements involving local governmental entities be made public;

4

9. The Court has previously entered an order sealing all documents and pleadings in this matter;

10. The Court has considered less drastic alternatives to sealing the settlement agreement and determined that such alternatives are insufficient to protect the rights of the minor child guaranteed by state and federal law;

11. The presumption of openness is overcome by the overriding interest of the minor child's right to privacy in his educational records as specified by the statues referenced above; and

12. The Wittenbergs' and their child's interest in preserving the confidentiality of this matter and the child's disability cannot be protected by any measure short of sealing the settlement agreement.

THEREFORE, this Court, consistent with the procedures outlined in <u>Fobian</u>, 164 F.3d 887 (4th Cir.1999), is inclined to grant the Joint Motion. The Court is issuing this Memorandum Opinion so that the parties, if they so desire, may request, a limited remand from the Fourth Circuit to allow the Court to enter an order sealing the settlement agreement.

This the 16th day of June, 2009.

William L. Osteen, Jr.
WILLIAM L. OSTEEN, JR.
UNITED STATES DISTRICT JUDGE

5