IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL WITTENBERG, ) <br> DEBBIE WITTENBERG, on behalf ) <br> of their son, J.W., as well ) <br> as on their own behalf ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WINSTON SALEM/FORSYTH ) <br> COUNTY BOARD OF EDUCATION ) <br> ) <br> Defendant. ) | 1:05CV818 |

**MEMORANDUM OPINION AND ORDER**

OSTEEN, JR., District Judge.

    This matter comes before the court on the parties' Renewed Joint Motion to Seal ("Renewed Joint Motion") (Doc. 108). The Renewed Joint Motion is related to the parties' attempts to reach a mutually agreeable resolution to this matter prior to expending the resources necessary to address Plaintiffs' appeal of this court's November 18, 2008 Memorandum Opinion and Order (Doc. 98). The parties conducted a mediation in this matter on March 6, 2009, pursuant to an order from the Fourth Circuit Court of Appeals. The parties reached a tentative agreement to resolve this matter, contingent on their settlement agreement being placed under seal. In a joint motion ("Joint Motion"), the parties requested that this court enter the necessary order to

place the settlement agreement under seal.  (Doc. 104.)  After reviewing the motion and hearing from the parties, the court indicated that it was inclined to grant the Joint Motion.  (Doc. 105.)  Subsequently, the Fourth Circuit Courts of Appeals held Plaintiffs' appeal in abeyance and remanded the matter back to this court for the limited purpose of entering an order as to the parties' request to place the settlement agreement under seal.  (Doc. 107.)

The parties' settlement agreement is contingent upon the terms of the agreement being deemed confidential.  However, the parties are confronted with state and federal laws requiring the confidentiality of matters involving the provisions of services to a child with disabilities, and North Carolina's public records law which precludes entities such as Defendant from entering into a confidential settlement agreement, absent a court order.  Without a settlement agreement in place, the parties and the Fourth Circuit Court of Appeals will be unnecessarily required to expend significant resources pursuing Plaintiffs' appeal.  This court is of the opinion that resolving the appeal at this early stage promotes the interests of the parties, conserves scarce judicial resources, and, therefore, constitutes action in aid of the appeal.

The court, having reviewed the Joint Motion and the Renewed Joint Motion, finds as follows:

1. This matter involves a dispute regarding the provision of services to a child who has been identified under state and federal law as a student with disabilities.

2. This court has jurisdiction based upon the limited remand entered by the Fourth Circuit Court of Appeals.

3. The settlement agreement reflects the full legal names of the student's parents, making it possible to identify the student.

4. Pursuant to North Carolina General Statutes Section 115C-109.3, a local education agency, such as Defendant, is prohibited from releasing any records, data or information on any child with special needs without the prior written consent of the parents except under the narrow circumstances identified by state and federal law. Public release of the settlement agreement between the parties in this case without parental consent would be in violation of North Carolina General Statutes Section 115C-109.3.

5. Pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g), and the Individual with Disabilities Education Act, 20 U.S.C. § 1400, et seq., an educational institution, such as Defendant, receiving federal funds is prohibited from releasing records, including any record directly related to a student, without

3

the consent of the student's parents except under the narrow circumstances identified by the statute. Public release of the settlement agreement between the parties in this case without parental consent would be in violation of both federal laws cited.

6. The Wittenbergs do not consent to the release of the settlement agreement in this action.

7. Absent a court order, the North Carolina Public Records law requires that settlement agreements involving local governmental entities be made public.

8. Prior court orders have sealed other documents and pleadings in this matter (Docs. 16, 86).

9. The court has considered less drastic alternatives to sealing the settlement agreement and determined that such alternatives are insufficient to protect the rights of the minor child.

10. The presumption of openness is overcome by the overriding interest of the minor child's right to privacy in his educational records as specified by the statues referenced above.

11. The Wittenbergs' and their child's interest in preserving the confidentiality of this matter and the child's disability cannot be protected by any measure short of sealing the settlement agreement.

4

12. For the reasons set forth herein as well as those reasons set forth in the joint motions of the parties (Docs. 104, 108), the court finds that the motion to seal should be GRANTED.

For the foregoing reasons, the parties' Renewed Joint Motion (Doc. 108) is GRANTED and it is ORDERED that the Settlement Agreement be placed under seal. The parties' Joint Motion (Doc. 104) is DENIED as MOOT.

This the 19th day of August 2009.

*/s/ William L. Osteen, Jr.*
United States District Judge